IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| | ) | COMPLAINT |
| HESTER FOODS, INC., d/b/a KENTUCKY FRIED CHICKEN, | ) ) | JURY TRIAL DEMAND |
| | ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Cynthia Dunson ("Dunson"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Hester Foods, Inc. d/b/a Kentucky Fried Chicken ("Hester Foods") made prohibited medical inquiries regarding Dunson's disability, and subsequently terminated her employment because of her disability and because of her responses to the prohibited medical inquiries, in violation of the ADA.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Hester Foods, has been a Georgia corporation, doing business in the State of Georgia and has continuously had at least 15 employees.

5. At all relevant times, Defendant, Hester Foods, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Dunson filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

7. On March 23, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On April 11, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least July 2015, Defendant has engaged in unlawful employment practices at or near its Dublin, Georgia restaurant location, in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112(a) and (b).

11. Dunson is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Dunson has an impairment, bi-polar disorder, that substantially limits her in major life activities, including the operation of the neurological system.

12. Defendant regarded Dunson as having a disability by terminating her employment because of an actual or perceived impairment.

13. Dunson was hired by Defendant in or around March 2015 to work as a crew member at Defendant's restaurant location located on Veterans Parkway in Dublin, Georgia. Shortly thereafter, she was promoted to a shift manager position.

14. On or about July 23, 2015, following a staff meeting, Defendant's owner asked to meet privately with Dunson and the restaurant store manager.

15. Dunson told Defendant's owner that she had to hurry because she had an appointment scheduled with her therapist.

16. Defendant's owner asked Dunson why she was seeing a therapist. Dunson explained that she was under a doctor's care and was taking prescribed medications. The owner then asked Dunson what medications she was taking.

17. After Dunson told the owner what medications she was taking, he told Dunson, "you cannot take that shit and work here." The owner then demanded that Dunson flush her medications down the toilet. The owner instructed the store

manager to follow Dunson into the restroom to watch as Dunson was forced to flush her prescribed medications down the toilet.

18. Later that day, Dunson met with her therapist and explained what happened during the meeting with the owner. Dunson explained that, during the meeting, the owner told her that she "needed Jesus and not medication."

19. Dunson reported to work that evening. After finishing her shift, she was confronted by the owner who pointed his finger in Dunson's face and stated, "you are on that shit." After Dunson insisted that she had gotten rid of her medications as he had demanded and was not taking them, the owner stated, "you better not be."

20. The following day, on or around July 24, 2015, Dunson visited her doctor's office where she explained to the nurse that her employer made her stop taking her prescribed medications to keep her job. Dunson was told that she had to begin taking her medications again because it was not safe to suddenly discontinue use.

21. While at the doctor's office, Dunson called the owner to explain to him that her doctor insisted that she take her medications for safety reasons. The owner became angry and chastised Dunson for letting her medical providers tell her that she needed to take that "shit."

22. When Dunson informed her doctor that she had been forced to dispose of her medications, the doctor paid for replacement drugs and ordered Dunson to take off from work for the weekend.

23. During that same doctor's office visit, Dunson again called the owner to explain that her doctor wanted her to take her medications and to stay off from work through the weekend for medical reasons. The owner again expressed his anger towards Dunson stating that she was allowing her doctor to "take her out of work." Dunson concluded the phone call with the owner by explaining that she intended to follow her doctor's orders.

24. Within minutes, the owner called Dunson back and told her that she could not come back to work if "she was going to let [her medical providers] put things in her head."

25. A few days later, Dunson's husband went to the restaurant to return Dunson's keys and uniform and to collect her final check.

26. At the time Dunson was terminated, she was capable of performing her job competently and safely despite her impairment and use of prescription drugs.

27. Dunson was unlawfully terminated by Defendant because of her disability and/or because she was regarded as a person with a disability due to her impairment and use of legally prescribed medications.

28.     The effects of the practices complained of above have been to deprive Dunson of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

29.     The unlawful employment practices complained of above were intentional.

30.     The unlawful employment practices complained of above were done with malice and/or with reckless indifference to the federally protected rights of Dunson.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating any employee based on an actual or perceived disability without performing a full and complete objective individualized assessment of the employee's ability to safely perform the job, and engaging in any other employment practice that discriminates on the basis of disability.

B.      Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees with disabilities and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Dunson whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D. Order Defendant to make Dunson whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Dunson whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Dunson punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE LETTMAN SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney


s/ James W. Allen
Senior Trial Attorney
Georgia Bar No. 016075
james.allen@eeoc.gov

U.S. Equal Employment Opportunity Commission
Savannah Local Office
7391 Hodgson Memorial Drive
Suite 200
Savannah, Georgia  31406-2579
(912) 920-4486  phone
(912) 920-4484  facsimile